IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ROBERT JOSEPH PROVOST III,      §
                                §
            Petitioner,         §
                                §
v.                              §   Civil Action No. 4:14-CV-622-Y
                                §
WILLIAM STEPHENS, Director,     §
Texas Department of Criminal    §
Justice, Correctional           §
Institutions Division,          §
                                §
            Respondent.         §


## OPINION AND ORDER

This is a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2254 filed by Petitioner, Robert Joseph Provost III, a
state prisoner confined in the Correctional Institutions Division
of the Texas Department of Criminal Justice (TDCJ), against William
Stephens, director of TDCJ, Respondent.[1]

After having considered the pleadings, state-court records,
and relief sought by Petitioner, the Court has concluded that the
petition should be denied.


### I. Factual and Procedural History

Petitioner is serving sentences of four years and ten years
respectively on his Jefferson County convictions for burglary of a
habitation and  evading arrest in Case Nos. 11-12253 and 98697 for

---

[1]At the time Petitioner filed this petition, he was confined at the
Bridgeport Unit of TDCJ, but he is currently confined at the Coffield Unit
located at 2661 FM 2054, Tennessee Colony, Texas 75884.  The clerk of Court is
directed to update Petitioner's address accordingly.

offenses occurring on June 28, 2011, and August 31, 2006. (Pet. 2, ECF No. 1.) The record reflects that on December 23, 2013, the Texas Board of Pardons and Paroles ("the Board") denied Petitioner release to mandatory supervision pursuant to § 508.149(b) of the Texas Government Code. (Resp't's Answer Ex. B, ECF No. 10-2.) The record further reflects that on October 15, 2013, the Board gave Petitioner notice that he was to be considered for release on mandatory supervision and an opportunity to submit information in support. But, on December 30, 2013, the Board notified Petitioner in writing that he was denied supervised release, gave the reasons for its denial, and informed Petitioner that his next review date was set for December 2014.[2] (Adm. R., WR-71,678-03, 65, ECF No. 9-5.) The Board denied Petitioner's release for the following reasons:

> One or more components indicated in each paragraph listed below may apply, but only one is required.
> 9D1. The record indicates that the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation.
> 9D2. The record indicates that the inmate's release would endanger the public.
> 1D. The record indicates that the inmate has repeatedly committed criminal episodes or has a pattern of similar offenses that indicates a predisposition to commit criminal acts when released; or the record indicates that the inmate is a leader or active participant in gang or organized criminal activity; or the record indicates a juvenile or an adult arrest or investigation for felony and misdemeanor

---

[2]TDCJ's website reflects that Petitioner was also denied release to mandatory supervision on September 3, 2015, and that his next parole-review date will be in September 2016.

                    offenses.

    5D.    The record indicates unsuccessful periods of super-
           vision on previous probation, parole, or mandatory
           supervision that resulted in incarceration, includ-
           ing parole-in-absentia revocations.

(*Id.*)

Petitioner sought administrative relief via a request for "Special Review" to no avail and filed two state habeas-corpus applications, one for each conviction, challenging the Board's decision, which were denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (*Id.* at 67 & Action Taken, ECF No. 9-4; Adm. R., WR-71,678-02, Action Taken, ECF No. 9-2.)  This federal petition followed.

Petitioner claims the Board "mis-applied [the] law in the manner [the] voting panel arrived at denying release to mandatory supervision and erroneously denied his release "where Petitioner's files are void of the necessary findings required under Texas mandatory supervision law to render a denial vote." (Pet. 6, ECF No. 1.)  According to Petitioner, the Board's decision is vague and ambiguous because–

> The denial notice contains a list of multiple choice
> components, most [of] which do not apply to
> Petitioner's personal predicament, never fully arriving
> at a definite conclusion, leaving Petitioner only to
> speculate.  The Board offers nothing which would afford
> inmate as to where he falls short and what he may need
> to address upon his next review to hopefully gain a
> favorable vote.

(Pet'r's Mem. of Law 3, ECF No. 2.)

Petitioner also asserts that the Board misapplied the

statute in a discriminatory and arbitrary fashion in light of the fact that he satisfies the mandatory-supervision "requirements by virtue of his accumulation of flat time, work time and good time credits equaling to 100% of the totality of his sentence" and that his "good conduct, academic achievements, and the fulfillment of his Institutional Treatment Plan," among other "accomplishments," while incarcerated substantiate his potential and commitment to rehabilitate. (*Id.* at 4-5.)

## II. Rule 5 Statement

It appears that Petitioner has sufficiently exhausted his state remedies and that the petition is neither time-barred nor successive.

## III. Discussion

The Texas mandatory-supervision statute provides that "a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX GOV'T CODE ANN. § 508.147(a) (West 2012). However,

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that:
>        (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>        (2) the inmate's release would endanger the public.

*Id.* § 508.149(b) (West Supp. 2014).

A habeas-corpus petitioner under 28 U.S.C. § 2254 must claim violation of a federal constitutional right to be entitled to relief. *Narvaiz v. Johnson,* 134 F.3d 688, 695 (5th Cir. 1998). A state prisoner does not have a federal constitutional right to obtain release prior to the expiration of his sentence. *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Thus, any protected liberty interest in a release prior to expiration of a prisoner's sentence must arise from state law. The Fifth Circuit has held that Texas's mandatory-supervision scheme at the time of Petitioner's offenses does create a constitutional expectancy of early release for eligible inmates and, as such, a protected liberty interest entitling an inmate to minimum due-process protection. *See Teague v. Quarterman*, 482 F.3d 769, 776-77 (5th Cir. 2007); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (citing *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974)); *Ex parte Geiken*, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000).

Toward that end, the Texas Court of Criminal Appeals has determined that, in this context, constitutional due process requires that an eligible inmate be provided timely notice of the specific month and year he will be considered for mandatory-supervision release and a meaningful opportunity to be heard–*i.e.,* an opportunity to tender or have tendered to the

5

Board information in support of release.  *Ex parte Geiken*, 28
S.W.3d at 559-60; *Ex parte Ratzlaff*, 135 S.W.3d 45, 50 (Tex.
Crim. App. 2004).  Additionally, if release is denied, the inmate
must be informed in what respects he falls short of qualifying
for early release.  *Ex parte Geiken,* 28 S.W.3d at 560.

    Petitioner was given timely notice that he would be
considered for mandatory-supervision release, an opportunity to
present or have presented on his behalf evidence to the Board in
support of his release, the reasons for the Board's denial, and
the month and year he would be next considered.  Accordingly, he
received all the due process he was entitled to.  The Board is
not required to be more specific when stating the reasons for its
decision or to provide evidence in support of its decision.  *Boss
v. Quarterman,* 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the
Due Process Clause does not require further explanation than the
"paragraphs cut verbatim from the Parole Board's Directives"); *Ex
parte Geiken,* 28 S.W.3d at 557 (providing "[t]he early release
decision is necessarily subjective and cannot be limited to
rigidly defined factors").  Nor has Petitioner shown that the
Board denied his release on mandatory supervision because of any
purposeful discrimination or any impermissible motive.  *See
Johnson v. Rodriguez*, 110 F.3d 299, 306-08 (5th Cir. 1997).
Accordingly, Petitioner has failed to state a federal claim upon
which relief can be granted.

For the reasons discussed, Petitioner's petition for a writ of habeas corpus is DENIED.  Further, for the reasons discussed, a certificate of appealability is DENIED.

SIGNED November 30, 2015.


_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE